FILED
APRIL 14, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROSETTA MATTHEWS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0076 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROSETTA MATTHEWS. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

### I.
### PROCEDURAL HISTORY

On July 24, 2006, pursuant to her guilty plea, petitioner was convicted of the offense of possession of a controlled substance in a drug free zone out of the 108th Judicial District Court of Potter County, Texas, and was sentenced to seven (7) years imprisonment in the Texas Department of Criminal Justice, Institutional Division. *See State v. Matthews*, Cause No. 52,656-E.[1] Petitioner

---

[1] On July 13, 2006, in Cause No. 52,396-E, petitioner was convicted in Potter County of the offense of possession of a controlled substance in a drug free zone and was assessed a seven (7) year sentence. The sentence in Cause No. 52,656-E is running concurrently with petitioner's prior 7-year sentence.

did not appeal her conviction or sentence to the appropriate state appellate court.

On May 23, 2007, petitioner filed an application for a state writ of habeas corpus in Cause No. 52,656-E challenging her conviction and sentence. On October 24, 2007, the Texas Court of Criminal Appeals denied petitioner's application without written order. *Ex parte Matthews*, Application No. 67,941-02.

Petitioner attests she placed the instant federal habeas corpus application in the institution mail system on April 1, 2008. In her application, petitioner alleges her confinement pursuant to her Potter County conviction and sentence is in violation of the Constitution and laws of the United States because (1) she was denied effective assistance of counsel, and (2) her guilty plea was not voluntarily entered. Petitioner's application was received by and filed with this Court on April 4, 2008.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims relate only to the validity of her July 24, 2006 conviction. The record does not reflect that any unconstitutional State action impeded petitioner in her filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown she could not have discovered the factual predicate of her claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's 7-year sentence on July 24, 2006. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of her conviction and sentences. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. Thus, the time period in which to file her Notice of Appeal expired on August 23, 2006 and petitioner's conviction became final as of that date. Any federal habeas application challenging her state conviction and sentence was thus due on or before August 23, 2007.

On May 23, 2007, petitioner filed, with the state trial court, her state habeas application challenging her conviction and sentence. Such application was denied October 24, 2007. *In re Matthews*, No. 67,941-02. Such filing statutorily tolled the expiration of the August 23, 2007

deadline for filing a federal habeas application for 155 days (from May 23, 2007 to October 24, 2007). The new deadline for filing a federal habeas application was thus extended to January 25, 2008.

Petitioner placed her federal habeas application in the prison mail system on April 1, 2008, and such application was received and filed on April 4, 2008, over two (2) months after the expiration of the January 25, 2008 deadline. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROSETTA MATTHEWS be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of April 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).